**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA, Acting Through the**
**Rural Housing Service or Successor Agency,**
**United States Department of Agriculture,**

                                **Plaintiff,**

    vs.                                                  3:19-CV-161
                                                            (TJM/ATB)

**THOMAS H. PERSONIUS, AMY CARL,**
**GEANNE KILTS, a/k/a JEANNIE KILTS,**
**BRIAN LESLEE DENNIS, Unknown Heirs of the**
**Estate of Susan M. Kennedy, a/k/a Susan Marie**
**Kennedy, deceased, NEW YORK STATE**
**DEPARTMENT OF TAXATION AND FINANCE,**
**NEW YORK STATE AFFORDABLE HOUSING**
**CORPORATION, JOHN DOES 1-5, and JANE**
**DOES 1-5,**

                                **Defendants.**
_____

**Thomas J. McAvoy,**
**Sr. U.S. District Judge**

## ORDER

      Plaintiff filed a Complaint in the instant action on February 8, 2019.  See dkt. # 1. The Complaint alleges that Susan M. Kennedy, who is deceased, signed a promissory note on April 21, 1999, agreeing to make monthly payments of principal and interest, and signed a mortgage to secure that promissory note.  Id. at ¶¶ 3, 5.  The mortgaged premises were located at 40 Valley View Road in Spencer, New York.  Id. at ¶ 8.  Plaintiff the United States, through the Rural Housing Service and its successor agency, holds the

1

mortgage.  Id. at ¶ 10.  Kennedy, who died in 2017, fell behind on her payments, and on January 16, 2018, the loan was accelerated.  Id. at ¶ 11.  On that date, Plaintiff notified Kennedy of default, but she did nothing to cure.  Id. at ¶ 12.

Plaintiff then filed the instant action, seeking foreclosure of the property and damages.  Plaintiff served the Defendants, except for those identified as John and Jane Does and Kennedy's unknown heirs.  See dkt. #s 3-8.  When the Defendant who were served failed to answer, Plaintiff filed requests for entry of Default.  See dkt. #s 10-16.  The Clerk of Court entered default against those Defendants.  See dkt. # 17.

Plaintiff then a motion for default judgment, which is presently before the Court.  See dkt. # 19.  The Plaintiff represents that visits to the property have indicated that it has been abandoned.  See Affidavit of Jennifer Jackson, dkt. # 19-1, at ¶ 18, 34.  The individual Defendants–who are Kennedy's boyfriend and children–do not reside at the property, and no tenants do either.  Id. at ¶¶ 32-33.  Because no one lives at the property, the Plaintiff contends that the case against the John and Jane Doe Defendants, as well as any unknown heirs of Susan Kennedy, should be dismissed.  Id. at ¶ 35-36.  Plaintiff contends that a balance of $57,831.91 remains on the note, representing the unpaid principal, interest, advances, late charges, and interest credit.  Id. at ¶ 28.  Plaintiff seeks a judgment of foreclosure and sale.  Id. at ¶ 41.

The Court will grant the motion for default judgment and provide the relief Plaintiff requests.  The named Defendants have not answered or otherwise responded to the Complaint.  The Clerk has entered default against the Defendants.  The amount sought is a sum certain, and Plaintiff has provided documentary evidence to support this sum.  Accordingly, the Plaintiff's motion for default judgment, dkt. # 19, is hereby **GRANTED**, as

2

follows:

1. The action is hereby DISMISSED against Defendants John Doe 1-5 and Jane Doe 1-5;

2. The action is hereby DISMISSED against Defendants Unknown Heirs of the Estate of Susan M. Kennedy, a/k/a Susan Marie Kennedy, deceased;

3. Judgment in favor of the Plaintiff is hereby GRANTED in the amount of $59,074.63. That Judgment represents:

| | | |
|---|---|---|
| a. | Principal (Note) | $33,436.33 |
| b. | Interest (Note) at 6.3750% per annum from September 21, 2017 to April 9, 2019 | $3,299.60 |
| c. | Principal (Advances-Taxes/ Insurance/Maintenance) | $2,235.95 |
| d. | Interest (Advances-Taxes/ Insurance/Maintenance) | $84.38 |
| e | Escrow/Impound (Advances paid, but not yet posted to account's Advance Principal) | $2,499.31 |
| f. | Late charges | $8.94 |
| g. | Interest Credit (Subsidy) Granted $30,871.27 (Subsidy Calculated for Recapture) | $16,267.40 |

Subtotal $57,831.91

Costs
| | | | |
|---|---|---|---|
| | a. | Filing notice of pendency | $60.00 |
| | b. | Title Search | $462.72 |
| | c. | Service of Process Fee | $720.00 |

Subtotal of Costs $1,242.72

Total Amount of Judgment $59,074.63

4. The mortgaged premises, as described in the Complaint, located at 40

Valley View Road, Spencer, New York, 14883, and fully described in Schedule A (attached), together will all right, title and interest of the owner, if any, in and to the land lying in the streets and roads in front of and adjoining such premises, to the center line thereof, and all fixtures and articles of personal property annexed to, installed in, or used in connection with the subject premises, as more fully set out in the Mortgage, shall be sold in one parcel, subject to the following: any state of facts that an accurate survey may show; easements, covenants, restrictions or reservations of record, if any; zoning restrictions and any amendments thereto according to law, and now in force; existing violations and orders of the appropriate departments of any City, Town, or Village, if any; the physical condition of the premises at the time of closing; and without any apportionments or adjustments; at public auction to be held in the lobby of the Tompkins County Supreme Courthouse at 320 N. Tioga St., Ithaca, NY 14850, by and under the direction of Michael Cardinale, Esq., with offices at 8432 Brewerton Road, Cicero, NY 13039 (Tel. 315-698-9630);

5. Michael Cardinale, Esq., is hereby APPOINTED Master for the purpose of the sale of the named parcel. The Master shall give public notice of the time and place of said sale according to federal law and the practice of this Court by advertising in the Ithaca Journal;

6. Plaintiff or a governmental agency of the United States or any other party to this action may become the purchaser at that sale. In the event Plaintiff or a governmental agency shall become the purchaser at the said sale, no

4

deposit shall be required from such purchaser;

7. The Master shall execute and deliver to the purchaser at such sale a deed of the premises sold;

8. All taxes, assessments, water rates and other encumbrances which at the time of sale are liens or encumbrances upon the premises will be paid by the purchaser in addition to the bid price, unless the purchaser shall, previous to the delivery of the deed, produce to the Master proof of the payment of such liens or encumbrances including any interest or penalties due which may lawfully have accrued thereon to the day of the payment. Any state or local real estate transfer tax or real property transfer tax will be paid by the purchaser;

9. The Master shall then deposit the balance of said proceeds of sale in his own name as Master in the client–fund escrow/account of the Master, and shall thereafter make the following payments and his checks drawn for that purpose shall be paid by said depository, as follows:

    a. 1st: the sum of $750.00 to said Master for his fees herein

    b. 2nd: the expenses of the sale and the advertising expenses as shown on the bills presented to said Master and certified by him to be correct, duplicate copies of which shall be left with said depository;

    c. 3rd: The sum of $1,242.72 adjudged as aforesaid to Plaintiff for its costs and disbursements in this action, and also the sum of $57,831.91, the amount computed by the Court adjudged to

5

Plaintiff as explained above;

10. The Master shall take the receipt of Plaintiff or its attorney for the amounts paid as directed in paragraph 9(c) above and shall file it with his report of sale. The Master shall deposit the surplus moneys, if any, with the Clerk of this Court within 5 days after the same shall be received and ascertainable, to the credit of his action, to be withdrawn only on order of Judge of this Court;

11. In the event that Plaintiff or a governmental agency thereof is the purchaser of said mortgaged premises at the sale, or in the event that the rights of the purchaser at the sale and the terms of sale under this judgment shall be assigned to and be acquired by Plaintiff or any such governmental agency, and a valid assignment thereof is filed with the Master, the Master shall not require Plaintiff or such governmental agency to pay in cash the amount bid at such sale, but shall execute and deliver to Plaintiff or such governmental agnecy a deed of the premises sold;

12. Plaintiff or such governmental agency shall pay the amount specified above in paragraphs 9(a), 9(b), and (c), and shall also pay the amount of the aforesaid taxes, assessments, water rates, sewer rates and interest and penalties thereon, if any. The Master shall apply the balance of the amount bid, after deducting therefrom the aforesaid amounts paid by Plaintiff or such governmental agency, to the amounts due Plaintiff in the item marked 9(c), and if a surplus remains

6

over and above said amounts due and allowed Plaintiff, Plaintiff shall pay to the Master, upon delivery of the Master's Deed, the amount of such surplus, and the Master shall deposit that surplus as directed in paragraph 9;

13. The Master shall make his report of the sale and file it with the Clerk of Court with all convenient speed;

14. If the proceeds of the sale of the subject property is insufficient to pay the amount adjudged due to the Plaintiff, as well as expenses, interests and costs as described above, the Master shall specify that amount of deficiency in his report of sale;

15. The purchaser of the subject property at sale shall be let into possession on production of the Master's deed; and

16. Each of the Defendants in this action, and all persons claiming under them, or any or either of them, after the filing of the notice of pendency of this action, are forever barred and foreclosed of all right, title, claim, interest, lien, and equity of redemption in the subject premises and each and every part thereof.

.

**IT IS SO ORDERED**

Dated: September 20, 2019

Thomas J. McAvoy
Senior, U.S. District Judge

## SCHEDULE A

## DESCRIPTION OF MORTGAGED PREMISES

ALL THAT TRACT OR PARCEL OF LAND, situate in the Town of Danby, County of Tompkins, State of New York, being the northeast section of Township 7 of Watkins and Flint's Purchase, bounded and described as follows:

BEGINNING at a point in the center line of Valley View Road northwesterly 927.8 more or less feet from its intersection with the center line of Tupper Avenue,

THENCE North 89° 42' 20" East (passing through an iron stake at 25.17 feet) 162.71 feet to an iron stake;

THENCE North 7° 00" east 123 feet to an iron stake;

THENCE North 78° 53' 40" West (passing through an iron stake at 176.09 feet) 201.40 feet to a point in the center line of Valley View Road;

THENCE South 07° 01' 30" East 163 feet along the center line of Valley View Road to the point or place of beginning.

| | |
|---|---|
| Premises: | 40 Valley View Road, Spencer, NY 14883 |
| Tax Parcel ID No.: | Section: 17 Block: 1 Lot: 27 |
| Premises: | Valley View Road, Spencer, NY 14883 |
| Tax Parcel IDNo.: | Section: 17 Block: 1 Lot: 59 |