UNITED STATES DISTRICT COURT        CASE NO. 3:19-cv-00161
NORTHERN DISTRICT OF NEW YORK

United States of America Acting Through the
Rural Housing Service or successor Agency
United States Department of Agriculture

                Plaintiff,        JUDGMENT OF FORECLOSURE
                                AND SALE

-vs-

Thomas H. Personius, as Voluntary Administrator of the
Estate of Susan M. Kennedy aka Susan Marie Kennedy, deceased;
Amy Carl; Geanne Kilts aka Jeannie Kilts;
Brian Leslee Dennis; Unknown Heirs of the Estate of
Susan M. Kennedy aka Susan Marie Kennedy, deceased;
New York State Department of Taxation and Finance;
New York State Affordable Housing Corporation;
"JOHN DOE #1-5" and "JANE DOE #1-5", said names
being fictitious, it being the intention of plaintiff to
designate any and all occupants, tenants, persons or
corporations, if any, having or claiming an interest in
or lien upon the premises being foreclosed herein,

                Defendants

---

On the summons and complaint filed herein on February 8th, 2019, on the notice of pendency filed in the Office of the Tompkins County Clerk on February 11, 2019; on the annexed Affirmation of John Manfredi, attorney for Plaintiff, on the affidavit of Jennifer Jackson sworn to on April 11, 2019, and upon all of the proceedings had herein, the Court finds that:

This action was brought to foreclose a mortgage on real property located in the County of Tompkins.

A Notice of Pendency was filed with the Clerk of Tompkins County on February 11, 2019.

The defendants herein have been duly served with the summons and complaint. The time to answer or move with respect to the complaint has expired and the same has not been extended by consent or by order of this Court. No answer or motion directed to the complaint has been interposed by or on behalf of the defendants. The defendants are not infants, incompetent or absentee. Accordingly, the defendants are in default.

The mortgaged premises should be sold in one parcel.

The amount due on the note and mortgages described in the complaint is $33,436.33 in principal, with interest from September 21, 2017 through April 9, 2019 in the sum of $3,299.60, Principal (Advances - Taxes/Ins/Maint) in the sum of $2,235.95, Interest (Advances – Taxes/Ins/Maint) in the sum of $84.38, Escrow/Impound (advances paid, but yet posted to account's Advance Principal) in the sum of $2,499.31, late charges in the sum of $8.94, Interest Credit (subsidy) granted $30,891.27 (subsidy calculated for recapture) in the sum of $16,267.40, plus costs and disbursements of $1,242.72.

**NOW**, on motion of plaintiff United States of America, and the Court having determined that an evidentiary hearing is unnecessary on the issue of damages, in light of the affidavit and documentary evidence submitted by plaintiff, it is

**ORDERED AND ADJUDGED** that the action is dismissed against defendants "John Doe #1-5" and "Jane Doe #1-5", and it is

**ORDERED AND ADJUDGED** that the action is dismissed against defendants Unknown Heirs of the Estate of Susan M. Kennedy aka Susan Marie Kennedy, deceased;

**ORDERED AND ADJUDGED** that the Defendants Thomas H. Personius, as Voluntary Administrator of the Estate of Susan M. Kennedy aka Susan Marie Kennedy, deceased; Amy Carl; Geanne Kilts aka Jeannie Kilts; Brian Leslee Dennis; New York State Department of Taxation and Finance and New York State Affordable Housing Corporation are in default; and it is

**ORDERED AND ADJUDGED**, that the plaintiff have judgment herein for the sum of $57,831.91 plus $1,242.72 as taxed by the Court for the costs and disbursements of plaintiff in this action, and it is further

**ORDERED AND ADJUDGED**, that the mortgaged premises described in the complaint and as hereinafter described, be sold in one parcel, subject to the following: any state of facts that an accurate survey may show; easements, covenants, restrictions or reservations of record, if any; zoning restrictions and any amendments thereto according to law, and now in force; existing violations and orders of the appropriate departments of any City, Town or Village, if any; the physical condition of the premises at the time of closing; and without any apportionments or adjustments; at public auction to be held in the lobby of the Tompkins County Supreme Courthouse at 320 N Tioga St, Ithaca, NY 14850 by and under the direction of Michael Cardinale, Esq., with offices at 8432 Brewerton Road, Cicero, NY 13039 (Tel 315 698 9630) who is hereby appointed

Master for that purpose; that said Master give public notice of the time and place of said sale according to federal law and the practice of this Court by advertising in the Ithaca Journal; that plaintiff or a governmental agency thereof or any other party to this action may become the purchaser at such sale; that in the event plaintiff or such governmental agency shall become the purchaser at the said sale shall not be required to make any deposit thereon; that said Master execute and deliver to the purchaser at such sale a deed of the premises sold; All taxes, assessments, water rates and other encumbrances which at the time of sale are liens or encumbrances upon said premises will be paid by the Purchaser in addition to the bid price, unless the purchaser shall, previous to the delivery of the Deed, produce to the Master proof of the payment of such liens or encumbrances including any interest or penalties due which may lawfully have accrued thereon to the day of the payment. Any state or local real estate transfer tax or real property transfer tax will be paid by the purchaser.

That said Master then deposit the balance of said proceeds of sale in his own name as Master in the client – fund escrow / account of the Master, and shall thereafter make the following payments and his checks drawn for that purpose shall be paid by said depository:

1st: the sum of $750.00 to said Master for his/her fees herein.

2nd: the expenses of the sale and the advertising expenses as shown on the bills presented to said Master and certified by him/her to be correct, duplicate copies of which shall be left with said depository.

3rd: The sum of $1,242.72 adjudged as aforesaid to plaintiff for its costs and disbursements in this action, and also the sum of $57,831.91 the amount computed by the Court adjudged to plaintiff aforesaid.

Said Master shall take the receipt of plaintiff or its attorney for the amounts paid as directed in item marked "3rd" and shall file it with his/her report of sale. Said Master shall deposit the surplus moneys, if any, with the Clerk of this Court within 5 days after the same shall be received and ascertainable, to the credit of this action, to be withdrawn only on the order of a Judge of this Court.

In the event that plaintiff or a governmental agency thereof is the purchaser of said mortgaged premises at said sale, or in the event that the rights of the purchaser at said sale and the terms of sale under this judgment shall be assigned to and be acquired by plaintiff or any such governmental agency, and a valid assignment thereof be filed with said Master, said Master shall

not require plaintiff or such governmental agency to pay in cash the amount bid at such sale, but shall execute and deliver to plaintiff or such governmental agency a deed of the premises sold.

Plaintiff or such governmental agency shall pay the amount specified above in items marked "1st", "2nd" and "3rd" and shall also pay the amount of the aforesaid taxes, assessments, water rates, sewer rents and interest and penalties thereon, if any. Said Master shall apply the balance of the amount bid, after deducting therefrom the aforesaid amounts paid by plaintiff or such governmental agency, to the amounts due plaintiff item marked "3rd", and if there be a surplus over and above said amounts due and allowed to plaintiff, plaintiff shall pay to said Master, upon delivery of said Master's Deed, the amount of such surplus, and said Master shall deposit said surplus as hereinabove directed.

Said Master shall make his/her report of such sale and shall file it with the Clerk of the Court with all convenient speed. If the proceeds of such sale be insufficient to pay the amount adjudged due to plaintiff with the expenses, interests and costs as aforesaid, said Master shall specify the amount of such deficiency in his/her report of sale; and it is further

**ORDERED AND ADJUDGED**, that the purchaser at said sale be let into possession on production of the Master's deed; and it is further

**ORDERED AND ADJUDGED**, that each and all of the defendants in this action, and all the persons claiming under them, or any or either of them, after the filing of the notice of pendency of this action, be and they hereby are forever barred and foreclosed of all right, title, claim, interest, lien and equity of redemption in said mortgaged premises and each and every part thereof.

The premises affected by this action are situated entirely within the County of Tompkins and designated as 40 Valley View Road, Spencer, NY 14883 Section: 17 Block: 1 Lot: 27 and Valley View Road, Spencer, NY 14883 Section: 17 Block: 1 Lot: 59 further described in annexed Schedule "A".

Together with all right, title and interest of the owner, if any, in and do the land lying in the streets and roads in front of an adjoining said premises, to the center line thereof.

Together with all fixtures and articles of personal property annexed to, installed in, or used in connection with the mortgaged premises, as is more fully set out in said Mortgage.

Dated: 10/7/19 New York.

Hon. Thomas J. McAvoy
UNITED STATES DISTRICT JUDGE

# SCHEDULE A
# DESCRIPTION OF MORTGAGED PREMISES

ALL THAT TRACT OR PARCEL OF LAND, situate in the Town of Danby, County of Tompkins, State of New York, being the northeast section of Township 7 of Watkins and Flint's Purchase, bounded and described as follows:

BEGINNING at a point in the center line of Valley View Road northwesterly 927.8 more or less feet from its intersection with the center line of Tupper Avenue,

THENCE North 89° 42' 20" East (passing through an iron stake at 25.17 feet) 162.71 feet to an iron stake;

THENCE North 7° 00" east 123 feet to an iron stake;

THENCE North 78° 53' 40" West (passing through an iron stake at 176.09 feet) 201.40 feet to a point in the center line of Valley View Road;

THENCE South 07° 01' 30" East 163 feet along the center line of Valley View Road to the point or place of beginning.

| | |
|---|---|
| Premises: | 40 Valley View Road, Spencer, NY 14883 |
| Tax Parcel ID No.: | Section: 17 Block: 1 Lot: 27 |
| Premises: | Valley View Road, Spencer, NY 14883 |
| Tax Parcel ID No.: | Section: 17 Block: 1 Lot: 59 |